**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4409**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM HENRY STEPHENS, JR., a/k/a Cuz, a/k/a B,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:17-cr-00132-1)

Submitted: March 18, 2019                                    Decided: May 9, 2019

Before AGEE and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Charleston, West Virginia, Joseph F. Adams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Henry Stephens, Jr., appeals his conviction and 87-month sentence following his guilty plea to possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). The Government seeks to dismiss Stephens's appeal on the basis of the appellate waiver in his plea agreement.

This court reviews de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, this court generally will enforce the waiver if the record establishes that: (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168–69 (4th Cir. 2005). However, an otherwise valid appeal waiver does not preclude certain claims, including "appeals from the denial of a motion to withdraw guilty pleas due to ineffective assistance of counsel." *United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018). Because Stephens's motion to withdraw his guilty plea was based on his counsel's purported ineffectiveness, we find that the otherwise valid waiver does not apply to his claim that the district court erred in denying his motion to withdraw his guilty plea. Therefore, we decline to dismiss Stephens's appeal on that basis.

A criminal defendant may withdraw a plea if the defendant can "show[ ] a fair and just reason for withdrawal." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000); *see also* Fed. R. Crim. P. 11(d)(2). The district court may consider six factors in determining whether the defendant has met his burden: (1) whether he provided credible

evidence that his plea was not knowing or voluntary; (2) whether he credibly asserted his legal innocence; (3) whether there was a delay between entering the plea and moving for withdrawal; (4) whether the defendant had close assistance of competent counsel; (5) whether the withdrawal would prejudice the government; and (6) whether a withdrawal would inconvenience the court and waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). This court has held that the first, second, and fourth factors are generally the most significant. *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995). The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012).

Here, the district court applied the six *Moore* factors and found that Stephens failed to establish a fair and just reason to allow him to withdraw his guilty plea. Our review of the record, including the transcripts of Stephens's Rule 11 hearing and the hearing on his motion to withdraw his guilty plea, discloses no abuse of discretion. Accordingly, we affirm the district court's denial of Stephens's motion to withdraw his plea.

Finally, Stephens claims that he was denied effective assistance of counsel throughout his proceedings before the district court. However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507–08 (4th Cir. 2016). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *Id.* at 508. We

3

find that counsel's ineffectiveness does not conclusively appear on the face of the record before this court, and thus we decline to address this claim.

Accordingly, we affirm Stephens's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4